IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

SADID MEDINA RIVERA
Plaintiff

vs

UNITED STATES OF AMERICA
Defendant

CIVIL 16-2208CCC
(Related Cr. 10-0251-08CCC)

**OPINION AND ORDER**

Before the Court is Sadid Medina Rivera's (hereinafter "Petitioner" or "Medina Rivera") pro se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence and Memorandum of Law in Support thereof, filed on June 27, 2016 (**d.e. 1**, d.e. 1-1). On August 31, 2016, the United States of America (hereinafter "Respondent") filed a Motion to Dismiss the Petition (**d.e. 4**). On September 13, 2016, Petitioner filed his Opposition (d.e. 5). For the reasons discussed below, the Court finds that the Petition be and is hereby DISMISSED.

**I.  BACKGROUND**

On January 14, 2015, Medina Rivera pled guilty to a conspiracy to possess with intent to distribute controlled substances within a protected location in violation of 21 U.S.C. § 846 and § 860, and aiding and abetting others to use and carry firearms during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A) and § 2 (Criminal No. 10-251(JAF); d.e. 3306, d.e. 3307). On April 14, 2015, he was sentenced to serve consecutive terms of imprisonment of 121 months and 60 months

(d.e. 3696).  Petitioner filed his § 2255 motion seeking that the sentence be vacated under Johnson v. United States, 135 S.Ct. 2551 (2015), based on the fact that he was convicted under Section 924(c).

II.    **DISCUSSION**

In Johnson v. United States, ___ U.S. ____, 135 S.Ct. 2551 (2015), the U.S. Supreme Court held that the "residual clause" of the Armed Career Criminal Act ["ACCA"] was unconstitutionally vague and that "imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process." Johnson, ___ U.S. at ____, 135 S.Ct. at 2555-63.  The ACCA provides for enhanced penalties for those with three qualifying prior felony convictions for either serious drug offenses or "violent felonies."  It defines a "violent felony" as a crime punishable by imprisonment for a term exceeding one year "that - (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, <u>or otherwise involves conduct that presents a serious potential risk of physical injury to another.</u>" 18 U.S.C. Sections 924(e)(2)(B)(ii)(emphasis added). The underlined portion is known as the ACCA's "residual clause."  The Supreme Court has determined that the ACCA's "residual clause" is unconstitutionally vague because its application was too "wide- ranging" and "indeterminate." Id. On April 18, 2016, the United States Supreme Court determined that Johnson announced a new substantive rule that applies retroactively to cases on

collateral review. Welch v. United States, ___ U.S. ____, 136 S.Ct. 1257, 194 L.Ed. 2d 387 (2016).

Section 924(c)(1)(A), under which Petitioner was convicted, prohibits the possession of a firearm in furtherance of a "crime of violence" or a drug trafficking crime. Section 924(c)(3) defines "crime of violence" as "an offense that is a felony and - (A) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B)(emphasis added). As stated, the underlined portion is the "residual clause" of Section 924(c)(3). It should be noted, however, that Petitioner was convicted and sentenced under 18 U.S.C. § 924(c)(1)(A)'s provision pertaining to the use of a firearm during and in relation to a drug crime. See United States v. Hare, 820 F.3d 93, 105-06 (4th Cir. 2016) (declining to address the merits of defendant's Johnson claim where defendant was convicted of possessing a firearm in furtherance of a drug trafficking crime). As neither Petitioner's conviction nor sentence rest upon Section 924(c)'s definition of a "crime of violence," Johnson is inapplicable to the circumstances of his case.

### III. CONCLUSION

For the reasons stated, the Court concludes that Petitioner Sadid Medina Rivera's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct

CIVIL 16-2208CCC           4
(Related Cr. 10-0251-08CCC)

Sentence (**d.e. 1**) be and is hereby DISMISSED, with prejudice.  Judgment to be entered on this same date.

>SO ORDERED.
>
>At San Juan, Puerto Rico, on December 14, 2018.

>S/CARMEN CONSUELO CEREZO
>United States District Judge